IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 4:14-CR-0254 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| CHRISTOPHER G. LEE, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
June 2, 2015

## I. BACKGROUND

On October 1, 2014, a federal grand jury returned an indictment charging

Defendant Christopher G. Lee with coercion and enticement of a minor by means

of interstate commerce in violation of 18 U.S.C. § 2422(a) (Count 1); transporting

a minor with the intent to engage in sexual activity in violation of 18 U.S.C. §

2423(a) (Count 2); receipt of child pornography in violation of 18 U.S.C.

2252A(a)(2) (Count 3); and knowingly possessing child pornography in violation

of 18 U.S.C. § 2252A(a)(5)(B).  On March 18, 2015, a superseding indictment was

returned amending Count 4 to include language relating to images of prepubescent

minors and adding production of child pornography in violation of 18 U.S.C. §

2251(a); and tampering with evidence in violation of 18 U.S.C. § 1512(c).

On May 1, 2015, Defendant filed a motion to sever counts of the

superseding indictment pursuant to Rule 8(a) of the Federal Rules of Criminal

Procedure or, in the alternative, Rule 14(a) of the Federal Rules of Criminal Procedure.  He seeks to sever Counts 1 and 2 from Counts 3 through 6.  In accordance with the following reasoning, Defendant's motion to sever is granted and separate trials are ordered on Counts 1-2 and Counts 3-6.

## II. RULE 8(a) JOINDER

Defendant first argues that the six charges were improperly joined under Rule 8(a) because the charged offenses do not share a factual nexus, do not arise out of a common series of acts, and there is no connection between the charges alleged.  The Government counters that joinder is appropriate under 8(a) because the offenses involving child pornography are similar in character to the offenses regarding enticement of a minor.

Federal Rule of Civil Procedure 8(a) states, "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "Rule 8(a) is construed broadly in favor of initial joinder of offenses that are of the same or similar character. . . . Indeed, Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." *See United States v. Hersh*, 297 F.3d

1233, 1241 (11th Cir. 2002); *United States v. Brown*, No. 1:CR02-146-02, 2002 WL 32739530, at *3 (M.D.Pa. Dec. 17, 2002) ("Joinder of charges is the rule rather than the exception, and Rule 8 is construed liberally in favor of initial joinder."); *United States v. Hudgins*, Criminal Action No. 06-490-01, 2007 WL 1695376, at *2 (E.D.Pa. June 12, 2007).  Its purpose is to promote economy of judicial and prosecutorial resources.  *See United States v. Goreki*, 813 F.2d 40, 42 (3d Cir. 1987).  Courts across the nation have consistently held that offenses involving child pornography and offenses involving sexual molestation of minors are of a similar character.  *See, e.g., U.S. v. Nestor*, Criminal No. 07-369, 2008 WL 191217, at *1 (W.D.Pa. Jan. 22, 2008); *Hersh*, 297 F.3d at 1242 (holding that the defendant's acts of traveling to engage in sexual activity with a minor and possession of child pornography were similar because they reflected his repeated participation in the sexual exploitation of minors); *United States v. Bentley*, 475 F.Supp.2d 852, 858-59 (N.D.Iowa 2007) ("[T]he child pornographer, like the child rapist, displays a sexual interest in children."); *United States v. Riccardi*, 258 F.Supp.2d 1212, 1230 (D.Kan. 2003) (finding that the offenses of possession of child pornography and attempt to induce a minor to engage in sex differed slightly but the underlying culpable conduct was the same: an intent to engage in sexual activity with a child); Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, *3009-26-27 (1996) (demonstrating a finding by

Congress that there is a strong link between pedophilic behavior and child pornography).

Defendant attempts to differentiate these cases by arguing that the underlying facts of those cases demonstrated that the defendants used the child pornography in their attempts to entice the children.  The Court disagrees.  Rather, in holding that the offenses were of similar character, the courts in the above-enumerated cases in no way relied upon the fact that the defendant had used the pornography to entice the children.  *See e.g., Hersh*, 297 F.3d at 1242 ("Collectively, the counts charge Hersh with child molestation and child pornography – which plainly represent acts of similar character involving extraordinary mistreatment of children.").  The fact that the offenses do not share a factual nexus or arise out of a common series of acts goes only to a determination that of whether those offenses are based on the same transaction or are part of a common plan; those arguments do not negate the body of case law which has held that such offenses are of a similar character.  Accordingly, the Court finds that the six Counts were properly joined under Rule 8(a).

## III. RULE 14(a) SEVERANCE

Defendant next contends that, even if the Court finds the Counts to be properly joined under Federal Rule of Criminal Procedure 8(a), the Counts should be severed pursuant to Federal Rule of Criminal Procedure 14(a) because clear and

4

substantial prejudice would result from their joinder.  He argues specifically that a jury would be unable to compartmentalize the evidence as it relates to the separate allegations and, further, that evidence pertaining to the child pornography counts (Counts 3 through 6) would be inadmissible under Federal Rule of Evidence 404(a) to prove the enticement charges (Counts 1 and 2), and vice versa.  The Government responds that the evidence pertaining to the offenses in the instant matter can easily be presented separately and in a manner that will not confuse a jury.

Rule 14(a) states, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). A court should sever charges "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  Specifically, the defendant must demonstrate that "clear and substantial prejudice" will result if all the charges are tried jointly. *See United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005).  Clear and substantial prejudice exists if the jury would be unable "to compartmentalize the evidence" as it relates

Case 4:14-cr-00254-MWB   Document 67   Filed 06/02/15   Page 6 of 8

to each individual count. *Id.*; *see also United States v. Avila*, 610 F.Supp.2d 391, 397 (M.D.Pa. 2009) (Conner, J.).

In this case, the Defendant seeks to sever the counts relating to enticement and coercion of a minor and the counts relating to child pornography.  In determining the validity of a motion to sever, courts may consider any relevant factor which would generate a showing of clear and substantial prejudice. Particularly informative in this case is the fact that pursuant to Federal Rule of Evidence 404(b), the evidence of the severed counts would not be admissible in a trial on the other counts, if the counts were not joined.  The Court can think of no reason, and the Government has provided none, why the evidence relating to the child pornography charges would be admissible in a trial on enticement and coercion, other than to prove propensity, which is explicitly prohibited by Rule 404(b). Fed. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").  Introduction of this evidence of child pornography in the trial for coercion and enticement would produce clear and substantial prejudice that the jury would rely upon the evidence for an improper purpose, that is, to determine guilt based on propensity.[1]

---

[1] In their brief in opposition to Defendant's Motion to Sever, the Government has made the bald assertion that "[t]he evidence will show that Lee used the Boal Mansion and the docent program to recruit young boys to come to live with him (Count 1 – Coercion and Enticement and Count 2 Transportation) [and] filmed some of them in order to produce his pornography (Count 5 – Production of Pornography). . ." However, the Government provides no context

Moreover, a limiting instruction to the jury would be insufficient to overcome the prejudice caused by the introduction of what would otherwise be inadmissible evidence. *See Zafiro*, 506 U.S. at 539 ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). Even with limiting instructions, it would be psychologically impossible for a jury to disregard the evidence of child pornography in deciding Defendant's guilt of coercion and enticement, or vice versa. *See United States v. Noyes*, No. 1:08-cr-55-SJM-1, 2010 WL 5058346, at *2 (W.D.Pa. Dec. 6, 2010) (holding that in determining whether to sever counts, a court can consider whether the jury would be able to segregate the evidence as to each count). Consequently, Defendant's motion to sever is granted pursuant to Rule 14(a).

## IV. CONCLUSION

In accordance with the foregoing reasoning, Defendant's motion to sever counts of the superseding indictment is granted. Counts One and Two are hereby severed from Counts Three through Six and separate trials are ordered.

---

for nor elaboration on this allegation and, as far as the Court is aware, the Superseding Indictment only charges the Defendant with the coercion and enticement of one victim – 17 year old John Doe # 1. Nevertheless, despite the evidentiary determination that the Court makes today, to the extent the Government seeks to prove coercion and enticement of multiple victims under Counts 1 and 2, and their relationship to Count 5, the Court will be willing to reconsider its ruling under Rule 404(b) at a later date.

BY THE COURT:


<u>s/ Matthew W. Brann</u>
Matthew W. Brann
United States District Judge