IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 4:14-CR-0254 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| CHRISTOPHER G. LEE, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
June 2, 2015

**I. INTRODUCTION**

On October 1, 2014, a federal grand jury returned an indictment charging Defendant Christopher G. Lee with coercion and enticement of a minor by means of interstate commerce in violation of 18 U.S.C. § 2422(a) (Count 1); transporting a minor with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a) (Count 2); receipt of child pornography in violation of 18 U.S.C. 2252A(a)(2) (Count 3); and knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  On March 18, 2015, a superseding indictment was returned amending Count 4 to include language relating to images of prepubescent minors and adding production of child pornography in violation of 18 U.S.C. § 2251(a); and tampering with evidence in violation of 18 U.S.C. § 1512(c).

On May 1, 2015, Defendant filed a motion to suppress evidence discovered after the execution of a search warrant obtained on July 24, 2014, which he asserts

was illegally obtained. He further seeks to suppress evidence obtained from the execution of several subsequent but unspecified search warrants as fruit of the poisonous tree of the illegally obtained search warrant. In accordance with the following analysis, the Defendant's motion to suppress is denied.

## II. BACKGROUND

On June 26, 2014, the State College, Pennsylvania Police Department received a report of an indecent assault involving a 17 year old victim. On the basis of this report, the police department applied for and received five search warrants seeking evidence to corroborate the victim's story including, among other things, computers, phones, and clothing that the Defendant was wearing on night in question. Following the execution of these search warrants, Special Agent Scott Koehle of the Office of the Attorney General of Pennsylvania's Computer Forensics Unit examined the contents of the seized computers and computer hardware. On the seized laptop he discovered a video depicting a young male who appeared to be under the age of 18, naked and masturbating.

Agent Koehle subsequently notified the State College Police of this find, and the department applied for and received a search warrant to search the contents of the computer specifically for child pornography and related files. The affidavit of probable cause attached to the application for this search warrant elaborates on Agent Koehle's experience and credentials as a forensic examiner on other cases

involving child pornography. The affidavit described Agent Koehle's opinion based on his experience that the male in the video was less than 18 years of age and therefore a minor. Further, the affidavit listed the opinions of the two affiants, who are both detectives with the State College Police Department, that the male in the video was under the age of 18, seemingly based upon the fact that they both have children. Finally, the affidavit described the opinion of Dr. Rachel Schwab, a pediatrician, who "indicated that the boy appeared to be under the age of 18 but she could not be 100% certain." Attached to the affidavit of probable cause was a screenshot of the male in the video, although the copy included with the present motion is too blurred and shadowy to reveal any images.

### III. DISCUSSION

Defendant contends that this search warrant lacked substantial evidence supporting the magistrate's determination of probable cause because the magistrate was presented with the flawed conclusion that the computer contained a video depicting an apparent minor involved in sexual activity. Specifically, he argues that the screenshot did not support the conclusion that the person in the video was a minor and that even Dr. Schwab was uncertain as to whether the male in the video was under the age of 18. The Government responds that the magistrate had a substantial basis for finding probable cause based on the statements of the three law enforcement officers and the pediatrician who reviewed the video and each

opined that the individual pictured was under the age of 18. Moreover, the Government further relies on the screen shot that was attached to the affidavit as demonstrative of probable cause.

The test for probable cause in issuing a search warrant is whether, "given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). When a court reviews the issuance of a warrant, its only duty is to ensure that the magistrate judge had a "substantial basis" to determine that probable cause existed. *See Jones v. U.S.*, 362 U.S. 257, 271 (1960); *see also Spinelli v. U.S.*, 393 U.S. 410, 419 (1969) (holding that a magistrate's "determination of probable cause should be paid great deference by reviewing courts.").

"When faced with a warrant application to search for child pornography, a magistrate must be able to independently evaluate whether the contents of the alleged images meet the legal definition of child pornography. . . . That can be accomplished in one of three ways: (1) the magistrate can personally view the images; (2) the search-warrant affidavit can provide a 'sufficiently detailed description' of the images; or (3) the search-warrant application can provide some other facts that tie the images' contents to child pornography." *U.S. v. Pavulak*, 700 F.3d 651, 661 (3d Cir. 2012) (quoting *U.S. v. Miknevich*, 638 F.3d 178, 183

(3d Cir. 2011)). This means that the affidavit must contain more than a bare conclusion of the affiant that the images legally constitute child pornography. *Id.* ("The problem . . . is that identifying images as child pornography will almost always involve, to some degree, a subjective and conclusory determination on the part of the viewer, and such inherent subjectivity is precisely why the determination should be made by a judge, not the affiant."); *see also U.S. v. Doyle*, 650 F.3d 460, 474 (4th Cir. 2011) (holding a lack of probable cause because the affidavit did not provide "anything more than a description of the photographs as depicting 'nude children'"); *U.S. v. Burnette*, 256 F.3d 14, 18 (1st Cir. 2001) (demonstrating a lack of probable cause where an affidavit of probable cause involved an affiant's "legal conclusion parroting the statutory definition" of child pornography without "any descriptive support and without an independent review of the images" by a magistrate).

In the present case, the probable cause affidavit in support of the search warrant application provided a sufficient basis for the decision by the magistrate judge to issue the warrant on July 24, 2014. The affidavit described the allegedly pornographic video as "that of a young white male standing naked and masturbating." Importantly, the affidavit detailed the opinion of Agent Koehle, a forensic examiner who has "conducted hundreds of forensic exams on computers and mobile devices and viewed thousands of images and videos of individuals

5

[who were] less than 19 years of age in varying stages of undress exposing their genitals or engaged in various sexual acts, commonly referred to as Child Pornography;" which opinion was that the video depicted a minor. Additionally, it conveyed the assessment of Dr. Schwab, a pediatrician, that the male in the video was under 18 years old.[1] This description of the pornographic video is sufficiently detailed and, along with the afore-mentioned expert opinions as to the subject's age, allowed the magistrate judge to independently evaluate whether the contents of the video met the legal definition of child pornography.[2] Consequently, the Court finds that the affidavit in question provided the magistrate judge with a sufficient basis to conclude that probable cause existed.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Defendant's motion to suppress the evidence obtained as a result of the July 24, 2014 search warrant is denied.

BY THE COURT:

---

[1] Despite Defendant's assertion, even though Dr. Schwab stated that she could not be 100% certain that the male was under 18 years old, that did not make her opinion unreliable, nor did it deprive the application of probable cause. Rather, her statement first indicated her opinion that the boy was under 18 and then acknowledged a rational possibility that her assessment may be incorrect, as is always a distinct possibility with such a subjective determination.

[2] The fact that the State College Police Department included a screenshot of the male in the video could have provided a basis on its own to rule against Defendant's motion because it would have enabled the magistrate judge to personally view the image and make an independent determination. However, this Court is unable to view the image and the Court has no knowledge as to whether the magistrate judge was provided with a more-discernable copy. Consequently the Court cannot rely on this image as the basis for its decision.

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge